IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **EXPEDITE IT AOG, LLC** § <br> **D/B/A SHIP IT AOG, LLC,** § <br> § <br> Plaintiff, § <br> § Civil Action No. **3:09-CV-1978-L** <br> v. § <br> § <br> **CLAY SMITH ENGINEERING, INC.,** § <br> § <br> Defendant. § <br> § <br> § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Service, or in the Alternative, Motion to Transfer Venue, filed December 18, 2009. After careful consideration of the motion, response, reply, appendices, supplement, record, and applicable law, the court determines that it **lacks** personal jurisdiction over Defendant and that venue is improper in the Northern District of Texas. The court, rather than dismiss for lack of personal jurisdiction or improper venue, hereby **transfers** this action to the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 84(c)(3), 1406(a), and 1631.

**I.     Factual and Procedural Background**

On September 20, 2009, Defendant Clay Smith Engineering, Inc. ("Defendant" or "Clay Smith") faxed a cease and desist letter to Plaintiff Expedite It AOG, LLC ("Plaintiff" or "Expedite"). The letter instructed Expedite to stop using a woodpecker logo that purportedly infringed upon trademarks owned by Clay Smith. Expedite filed a Complaint for Declaratory Judgment against Clay Smith on October 16, 2009, and filed its First Amended Complaint for Declaratory Judgment

on October 19, 2009. Plaintiff seeks a declaratory judgment of noninfringement under the Lanham Act, 15 U.S.C. § 22. On December 18, 2009, Defendant filed the current motion. Defendant contends that personal jurisdiction is lacking and that Texas is an improper venue due to Defendant's insufficient contacts with Texas. Moreover, Defendant argues that Plaintiff's claims do not arise from those contacts and that dismissal is warranted.

## II.     Legal Standard

### A.     Rule 12(b)(2) - Standard for Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction

is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id.* (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

**B.    Venue**

In a federal action brought pursuant to the court's federal question jurisdiction, venue is proper in either a judicial district where the defendant resides, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or in which a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(1)-(2). Venue is also proper in any judicial district where a defendant may be found, if there is no district in which the action could have otherwise been brought. *Id.* § 1391(b)(3).

### III.    Discussion

####    A.    Minimum Contacts

Defendant moves to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The first issue for analysis is whether Defendant's contacts with Texas allow the court to exercise personal jurisdiction over it. The court may exercise personal jurisdiction either through general or specific jurisdiction. The court examines each below.

#####        1.    General Personal Jurisdiction

On the matter of general personal jurisdiction, sufficient facts do not exist for the court to exercise general personal jurisdiction over Clay Smith. Defendant avers that it has no employees, facilities, agents or bank accounts in Texas. The evidence shows that it has very limited and irregular sales to three Texas customers that have no ongoing contractual relationships with Defendant. Over the past three years and nine months, these sales have amounted to $4,569. Def.'s App. 5-6 ¶ 12. Defendant's other business contacts with Texas consist of its Internet sales to Texas residents through its website. The sales volume to Texas residents, however, is quite small and accounts for only .066% of Defendant's total sales revenue for the last three years and nine months, namely, $2176.82. *Id.* at 7 ¶ 23. Defendant argues that these sales are insufficient for the court to exercise general personal jurisdiction, as they rise to the level of doing business "with Texas," but not to the requisite level of doing business, "in Texas." *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 613 (5th Cir. 2008) (holding that a presence in Texas is not sufficient unless the defendant is doing business *in* Texas).

In its response, Expedite speaks obliquely to the issue of whether there are sufficient contacts to confer general personal jurisdiction. Expedite simply repeats Clay Smith's arguments against

general personal jurisdiction, but it does not speak directly to them. To determine whether general personal jurisdiction exists, the court must examine "the totality of the contacts." *Access Telecom v. MCI Telecommunications Corp.*, 197 F.3d 694, 719 (5th Cir. 1999). Additionally, a business must not only do business with Texas, but it must also have a business presence in Texas. *Johnston*, 523 F.3d at 611. A court may exercise general personal jurisdiction over a nonresident defendant if the defendant has contacts with the forum state that are continuous, systematic, and substantial. *Helicopteros*, 466 U.S. at 414 n.9.

At the time of the cease and desist letter, Clay Smith's contacts with Texas were limited to the occasional sale of merchandise to three wholesale distributors in Texas and sales of merchandise to Texas residents through its website. Although Clay Smith sold goods to Texas residents, nothing in the record supports Clay Smith having a business presence in Texas, let alone contacts that could be described as continuous, systematic and substantial. *See* Def.'s App. 5, 7 ¶¶ 9-20, 23-25. The court finds that the facts presented do not allow it to exercise general personal jurisdiction over Defendant.

### 2. Specific Personal Jurisdiction

A court may exercise specific personal jurisdiction over a nonresident defendant when its contacts with the forum state arise from, or are directly related to, the cause of action. *Helicopteros*, 466 U.S. at 414 n.8. The court finds that Plaintiff has not met its burden of establishing specific personal jurisdiction over Defendant by presenting a *prima facie* case that personal jurisdiction is proper. *See Ham*, 4 F.3d at 415 (stating that plaintiff carries the burden of presenting a *prima facie* case of personal jurisdiction); *Stuart*, 772 F.2d at 1192 (same).

Plaintiff contends that it is proper for the court to exercise specific personal jurisdiction over Defendant because Clay Smith's website makes merchandise featuring its trademarks available for sale to residents of Texas. In its reply, Defendant states that this case arises from a trademark dispute, as opposed to any contacts it has had with Plaintiff, including the cease and desist letter. The court rejects Plaintiff's argument that the issue in this case is analogous to the issue in *Global 360, Inc. v. Spittin' Image Software, Inc.*, No. 3:04-CV-1857-L 2005 U.S. Dist. LEXIS 4092, at *16 n.2 (N.D. Tex. Mar. 27, 2005). In *Global 360*, the court exercised specific personal jurisdiction over a foreign-based defendant who had been selling infringing software via a website. What distinguishes *Global 360* from this case is that in *Global 360*, the plaintiff was asserting its trademark rights, creating a nexus between the infringing products sold via the website and the plaintiff's claim of trademark infringement. *Id.* Here, Plaintiff is not suing to assert any trademark rights. As there is no nexus between Expedite's claim and Clay Smith's actions through its website, exercising specific personal jurisdiction over Defendant is not proper.

Furthermore, the court is unpersuaded by Plaintiff's argument that because Defendant's cease and desist letter created "real and reasonable apprehension" of liability, personal jurisdiction must be extended to Clay Smith. The mere act of asserting a trademark or copyright right through a cease and desist letter does not subject that party to specific personal jurisdiction. *See Red Wing Shoe Co. Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). Viewing all of Defendant's contacts in their totality, the court determines that it has not purposefully availed itself of the benefits of the forum state such that it could reasonably anticipate being haled into court in Texas. Therefore, the court concludes that Plaintiff has failed to present a *prima facie* case of specific jurisdiction.

### B. Venue

The only contacts in the record that Plaintiff identifies in support of exercising personal jurisdiction over Defendant are the cease and desist letter and Defendant's sales website. Def.'s App. 5, 6, 7 ¶¶ 12, 21, 23. As set forth above, the court does not agree that these are sufficient to properly exercise personal jurisdiction over Defendant, let alone make Texas a proper venue. As the defendant in this action is a corporation that is both located and domiciled in California, Plaintiff's assertions under sections 1391(b)(1) and 1391(b)(3) are improper. Additionally, as discussed above, there is no allegation of conduct occurring within Texas giving rise to this action. Plaintiff's assertions under section 1391(b)(2) are therefore also improper. Accordingly, the court determines that venue in Texas is improper and that this action could have been properly brought in California. 28 U.S.C. § 1631. As Defendant is domiciled within Orange County, the court will transfer this action to the Central District of California, Southern Division. 28 U.S.C. § 84(c)(3).

### C. Service of Process

Defendant originally argued that service was improper; it now represents that the service deficiency has been cured. Accordingly, the court **denies as moot** that part of the motion regarding improper service.

### IV. Conclusion

For the reasons stated herein, the court determines that Defendant Clay Smith does not have sufficient contacts with the state of Texas to establish general or specific jurisdiction over it and that venue is improper. While Defendant is entitled to dismissal of this action, the court concludes that it is in the interest of justice to transfer this action to a district and division in which it could have been brought. 28 U.S.C. § 1631. Accordingly, the court, rather than dismiss for lack of personal

jurisdiction or improper venue, hereby **transfers** this action to the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 84(c)(3), 1406(a), and 1631.  The clerk of the court shall effect this transfer in accordance with the usual procedure.

    **It is so ordered** this 30th day of June, 2010.

                                          Sam A. Lindsay
                                          United States District Judge